MEYER MILGRAUM, PLAINTIFF-APPELLEE, v. JOSEPH TRUPPI, DEFENDANT-APPELLANT.

Submitted March 20, 1924—Decided May 29, 1924.

**Contracts—Fire Loss Adjustment Agreement—Fraud Alleged in Its Procurement Not Sustained.**

On appeal from the First District Court of Jersey City.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *G. Earl Brugler.*

For the respondent, *Collins & Corbin.*

PER CURIAM.

Appealing from a judgment in the First District Court of Jersey City, the appellant complains of the direction of a verdict in favor of the plaintiff in a suit to recover a stipulated sum in accordance with the written agreement of the parties for procuring the adjustment of a fire loss. The defendant had signed a paper agreeing to pay plaintiff for his services ten per cent. of the amount of loss as adjusted. His defense was that the agreement had been procured through the fraud of the plaintiff, and was therefore void. The strong presumption in favor of written agreements has

been often declared by the courts, but never more forcefully than in our case of *Fivey* v. *Pennsylvania Railroad Co.*, 67 *N. J. L.* 627. It was there stated that "where a party attaches his signature to a contract, otherwise valid, a conclusive presumption is created except as against fraud, that the signer read, understood and assented to its terms," and that "fraud, if alleged, must be clearly and distinctly proved."

Tested by this standard the proof in this case fell short of establishing that the agreement was procured by fraud. The whole of the proofs go only to show that the plaintiff talked of having come from the fire department and asked him questions pertaining to the building, the fire and the damage, and stated he would have to have defendant's name; that plaintiff wrote the name on a piece of paper and asked defendant to sign it; that the defendant then stated that he could not read English, but could carry on a conversation in it "pretty good" if the party talked slowly in plain words, and that he fully believed all that plaintiff had told him; that the plaintiff did not read the paper to him and that the defendant did not know its contents, other than that he believed it to be some sort of a paper which had to be turned into the fire department. The defendant then proceeded to detail a conversation with the chief of the fire department, which, of course, is not evidential against the plaintiff.

It will thus be seen that there was no misrepresentation of the contents of the paper; no proof that any of the statements made by the plaintiff were false, simply the conclusion in the mind of the defendant that he was signing a paper of different import. When added to this, it appears, without contradiction, that the plaintiff had told the defendant that he was a fire adjuster and desired to represent the defendant for the purpose of advising and assisting in the adjustment of the loss, the case at its conclusion stood bare of any defense to the action, and the judge was right in directing a verdict for the plaintiff.

The judgment will be affirmed.